KING, P.J., for the Court.
¶ 1. Willie Lee James appeals from the Coahoma County Circuit Court’s denial of his motion to reconsider sentence. Finding error, this Court reverses.
FACTS
¶ 2. On February 22, 2000, James pled guilty to burglary of a dwelling, and escape. The trial court ordered a pre-sen-tence report, and conducted a sentencing hearing on March 15, 2000. James was sentenced to eleven years on the burglary charge and five years on the escape charge, which sentences were to be served concurrently.
¶ 3. On April 7, 2000, James filed a motion to have the trial court reconsider his sentence, and impose instead a sentence of five years. On April 14, 2000, James’ counsel filed a motion for leave to withdraw. On August 30, 2000, James’ new attorney entered her appearance and requested a hearing on the motion to reconsider sentence.
¶ 4. On December 13, 2000, the trial court denied James’ motion, stating “the term of court during which Mr. James was sentenced has expired and the Court did not reserve jurisdiction within its sentencing order for the purpose of modifying the sentence. Therefore, this Court no longer has jurisdiction over the case and is therefore without power and authority to take any further action.... ”
DISCUSSION
¶ 5. When the trial court decided this case, this matter was controlled by Dickerson v. State, 731 So.2d 1082 (Miss.1998). Dickerson held, “a judge may not alter or vacate a sentence once the term of court in which the defendant was sentenced has ended.” Id. at (¶ 18).
¶ 6. However, on June 14, 2001, the Mississippi Supreme Court overruled Dickerson, saying, “With respect to the term of court issue, we find Miss.Code Ann. § 11-1-16 (Rev.1991) clearly gives a circuit court authority to consider a pending motion after a term has ended. Dickerson v. State is therefore overruled to the extent it is inconsistent with the statute.” Presley v. State, 792 So.2d 950(1113) (Miss.2001).
¶ 7. Because James’ appeal was pending when Presley was decided, he is entitled to have his case decided in accordance with it. It is therefore appropriate to reverse the denial of James’ motion for reconsideration, and remand it to the trial court, for determination in light of the Presley case.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THE APPEAL ARE ASSESSED TO COAHOMA COUNTY.
McMILLIN, C.J., SOIJTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.